UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YORDAN PETROV,<br><br>    Plaintiff,<br><br>  v.<br><br>HEBERT RESEARCH, INC., et al.,<br><br>    Defendants. | CASE NO. C14-0754JLR<br><br>ORDER DENYING MOTION TO AMEND PRETRIAL ORDER |

  Before the court is Plaintiff's motion to amend the pretrial order. (Mot. (Dkt. # 49).) Having considered the submissions of the parties, the balance of the record, and the relevant law, the court DENIES Plaintiff's motion.

  On July 15, 2015, the parties jointly submitted a proposed pretrial order, which the court duly signed. (*See* Dkt. ## 43, 46.) The pretrial order provided that Plaintiff asserted employment discrimination claims under Section 1981 and Title VII. (*See* Dkt. # 46); 42 U.S.C. § 1981; 42 U.S.C. § 2000e. One week later, Plaintiff moved to amend the pretrial order to include employment discrimination claims under the Washington

ORDER- 1

1  Law Against Discrimination ("WLAD"). (*See* Mot.); RCW 49.60.030. Plaintiff
2  represents that the omission was inadvertent: "The omission in this case was the result of
3  a clerical error that occurred approximately one week ago." (Mot. at 6.) Trial is
4  scheduled to begin in seven days, on August 3, 2015. (*See* Dkt. # 14.) Defendants
5  oppose the motion to amend on the basis that adding new claims at this late stage will
6  unfairly prejudice them. (Resp. (Dkt. # 55).)

7  Final pretrial orders are governed by Rule 16(e). Fed. R. Civ. P. 16(e). Pursuant
8  to Rule 16(e), a "court may modify the order issued after a final pretrial conference only
9  to prevent manifest injustice." *Id.*; *see also Johnson v. Mammoth Recreations, Inc.*, 975
10 F.2d 604, 608 (9th Cir. 1992). Courts determining whether to modify a pretrial order
11 must consider (1) the degree of prejudice to the moving party resulting from a failure to
12 modify; (2) the degree of prejudice to the opposing party from a modification; (3) the
13 impact of a modification at that stage of the litigation on the orderly and efficient conduct
14 of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part
15 of the moving party. *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th
16 Cir. 1981).

17 After weighing the relevant factors, the court concludes that modification of the
18 pretrial order is not necessary to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e);
19 *Mammoth Recreations*, 975 F.2d at 608. First, the prejudice to Plaintiff from denying the
20 modification is not immense. After all, Plaintiff remains free to bring his two other
21 claims for employment discrimination under Section 1981 and Title VII. (*See* Dkt. # 46.)
22

ORDER- 2

      Second, the prejudice to Defendants from a modification is substantial.  The court notes that, contrary to Plaintiff's counsel's representations that the oversight occurred within the last week, the first draft of the pretrial order that Plaintiff's counsel sent to Defendants' counsel on June 15, 2015, also omitted a WLAD claim.  (*See* Piering Decl. Ex. A (Dkt. # 57) (email from Plaintiff's counsel to then-defense counsel attaching a draft pretrial order that did not include WLAD claims).)  In preparing for trial over the last six weeks, Defendants have relied on the fact that Plaintiff appeared to have abandoned his WLAD claims.  (Peterson Decl. (Dkt. # 57) ¶¶ 3-4.)  That reliance is consequential:  the parties agree that WLAD claims have a lower burden of proof than Title VII and Section 1981 claims and lack Title VII's $300,000.00 recovery cap.  (*See* Mot. at 6-7; Resp. at 3.)

      Third, addition of the WLAD claims would negatively impact the orderly and efficient conduct of the case.  Trial is one week away.  (*See* Dkt. # 14.)  The parties are due to file proposed jury instructions with the court today.  (*See id.*)  As such, there is inadequate time for Defendants to prepare to rebut Plaintiff's WLAD claims at trial. However, in part due to Plaintiff's limited resources and previous strenuous objection to any further delays, a trial continuance is not a viable option.

      Fourth, Plaintiff's counsel has not provided the court with a satisfactory explanation for the omission of what she now claims is the crux of Plaintiff's claims. (*See* Mot.)  Moreover, Defendants' counsel testifies that, before the motion to amend was filed, she alerted Plaintiff's counsel that the first draft of the pretrial order also omitted the WLAD claims.  (Peterson Decl. ¶ 5, Ex. B (July 22, 2015, email from Defendants' counsel to Plaintiff's counsel attaching the July 15, 2015, draft pretrial order).)  Plaintiff's

ORDER- 3

1  counsel nonetheless represented to the court that the omission only occurred one week

2  ago. (*See* Mot. at 6.)

3      Accordingly, the court finds that the prejudice to Defendants of adding new claims

4  one week before trial, the negative impact on the efficient resolution of the case, and

5  Plaintiff's counsel's neglect and willfulness together outweigh the prejudice that will

6  accrue to Plaintiff if the motion to amend is not granted. *See First Nat'l Bank of Circle*,

7  652 F.2d at 887. In short, there is no manifest injustice here. *See* Fed. R. Civ. P. 16(e).

8  Therefore, the court DENIES Plaintiff's motion to amend the pretrial order (Dkt. # 49).

9      Dated this 27th day of July, 2015.

                              JAMES L. ROBART
                              United States District Judge