UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YORDAN PETROV, | CASE NO. C14-0754JLR |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| HEBERT RESEARCH, INC., et al., | |
| Defendants. | |

Before the court is Plaintiff Yordan Petrov's election to dismiss his state and federal employment discrimination claims ("discrimination claims"). (Elec. (Dkt. # 96).) The court GRANTS Mr. Petrov's request and dismisses his discrimination claims under the conditions described below.

A jury trial in this case concluded on August 7, 2015, with the return of a partial verdict. (*See* Verdict Form (Dkt. # 88); Dkt. # 83.) The jury found for Mr. Petrov on his federal and state retaliation claims, awarded Mr. Petrov $650,000.00 in compensatory and punitive damages on those claims, and found Mr. Hebert personally liable for

ORDER- 1

wrongfully withholding Mr. Petrov's wages. (*See id.*) As to Mr. Petrov's discrimination claims, however, the jury was unable to reach a verdict. (*See id.*) The court accepted the jury's verdict and later declared a mistrial on Mr. Petrov's discrimination claims. (*See* Dkt. ## 83, 89.)

In response to an order to show cause, on September 21, 2015, Mr. Petrov filed a motion requesting a pretrial conference to set a trial date for retrial of his discrimination claims. (Mot. for PTC (Dkt. # 91); *see* OSC (Dkt. # 90).) The court responded by scheduling a status conference for October 1, 2015. (*See* Dkt.) Prior to the status conference the court reviewed the record in this matter and determined that a retrial of only Mr. Petrov's discrimination claims was impracticable because the events and harms underlying those claims overlap significantly with the events and harms underlying Mr. Petrov's retaliation claims. (*See, e.g.*, Pltf.'s Trial Brief (Dkt. # 67).) Given this overlap, the court determined that Mr. Petrov's proposed retrial presented too great a risk of resulting in damages for discrimination that would duplicate the damages already awarded for retaliation. As such, the court informed the parties that it would not permit a retrial of only Mr. Petrov's discrimination claims. (*See* Dkt. # 95.)

Instead, the court offered Mr. Petrov a choice between (1) dismissing his discrimination claims, in which case the court would enter judgment on the jury's verdict, or (2) retrying all of his claims together, in which case the court would vacate the jury's verdict. (*See id.*; *see also* Verdict Form at 4 (asking the jury in Question No. 11 to state the amount of Mr. Petrov's damages for retaliation that was duplicative of his damages for discrimination).) Mr. Petrov chose the former course and now seeks the court's leave

to dismiss his discrimination claims. (*See* Dkt. # 95; Elec.)  Mr. Petrov's election does not state whether dismissal should be with or without prejudice.   (*See* Elec.) Nevertheless, the court notes that at the pretrial conference Mr. Petrov expressed concern that he not lose the right to pursue his discrimination claims in the event post-trial motions or an appeal results in a new trial on his retaliation claims. (*See* Dkt. # 95.) Defendants did not oppose Mr. Petrov's requested dismissal. (*See id.*)

In light of the foregoing, the court GRANTS Mr. Petrov's request and DISMISSES his discrimination claims under the following conditions:  In the event post-trial motions or an appeal results in a new trial on Mr. Petrov's retaliation claims, dismissal of Mr. Petrov's discrimination claims will be without prejudice.  If, however, post-trial motions and any appeal result in a final judgment on Mr. Petrov's retaliation claims, dismissal of Mr. Petrov's discrimination claims will be with prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").

Dated this 5th day of October, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 3